The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, AR 72160
Dear Senator Smith:
This is in response to your request for an opinion regarding the status of the legality of bingo parlors/operators in Arkansas.
The Arkansas Supreme Court has to date not been presented with the question of the legality of bingo. It was therefore noted in Attorney General Opinion 91-162 (copy enclosed) that the court has never held bingo a "lottery," although it has defined the term "lottery" in several cases. (See cases cited in Op. 91-162.) It seems clear that at least where the three elements of chance, a prize, and consideration are present, bingo constitutes a lottery prohibited under the Arkansas Constitution. Ark. Const. art. 19, 14.
The Chancery Court of Pulaski County held in September, 1992, that the operation of several bingo halls in Pulaski County constituted a lottery and therefore violated the Arkansas Constitution. State ex rel. Bryant v. Razorback Room Inc., et. al., No. 91-7596 (Pulaski County Chancery, 6th Div., September 29, 1992). The appeal of this case to the Arkansas Supreme Court was recently dropped. This case is thus controlling only in Pulaski County. The court found that each of the bingo operations in question constituted a lottery in violation of Article 19, Section 14 of the Arkansas Constitution and the public policy of the state. The operations were deemed a public nuisance and were enjoined by the court as such. The court stated the following in its conclusions of law:
 All three elements of a lottery are present. The elements of prize and chance are not disputed. While the issue of consideration was disputed at trial, the evidence shows that the vast majority of bingo patrons in fact pay money in order to participate in the various games. The fact that these payments may be called donations is not, on this issue, significant. The defendants admit that if a significant portion of the bingo patrons chose to play for free, the bingo game would collapse. The game did not cease to be a lottery because some of the players were admitted to play for free, so long as others continued to pay for their chances. [Citations omitted.] The presence of non-paying participants did not change the status of those who paid. If it is a lottery as to those who pay, it is necessarily a lottery as to those who do not pay for their chances. [Emphasis original.]
Id. (Findings of Fact and Conclusions of Law at 10-11, 23-24 and 37-38).
It should also be noted that similar litigation was filed in Washington County in the case of State ex rel. Masterson, E-93-109 (Washington County Chancery). This case is currently pending.
It is thus clear that in Pulaski County, bingo operations of the type at issue in Razorback Room Inc. are unlawful. The facts of the case should be referenced for further guidance. While the Masterson case, if appealed, may provide a final and binding ruling, we do not yet have the benefit of state-wide precedent on this issue. Please note that I have enclosed for your review a copy of Attorney General Opinion 91-162 which addresses, generally, the status of so-called "donation" or "free" bingo. The Pulaski County decision should perhaps also be referenced in this regard, as indicative of at least one trial court's view.
Finally, it should be noted that the General Assembly has proposed an amendment to the Arkansas Constitution that will be voted on at the 1994 general election. See House Joint Resolution 1013 (copy enclosed) entitled:
 FOR A PROPOSED AMENDMENT TO . . . REMOVE FROM THE DEFINITION OF LOTTERY AS CONTAINED IN ARTICLE 19, SECTION 14, OF THE CONSTITUTION OF THE STATE OF ARKANSAS, CERTAIN GAMES OF BINGO AND RAFFLES WHEN CONDUCTED BY CERTAIN AUTHORIZED ORGANIZATIONS IN ACCORDANCE WITH THE AMENDMENT.
This office has previously stated that in the absence of a clear ruling on the precise question, the only way to ensure the legality of nonprofit bingo in the state is by passage of a constitutional amendment. See Op. Att'y Gen. 93-005.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures